The opinion of the court was delivered by
Poci-uí, J.
Under an indictment for rape, the defendant was convicted without capital punishment. His appeal brings up for discussion two bills of exception, which are both taken to the rulings of the trial judge in admitting testimony over his objections.
I.
It appears that a previous trial of the accused on the same charge had resulted in a mistrial, and that on the first trial the defendant *187 had offered in evidence, with a view of showing intimacy between himself and the prosecutrix, a certain written order in her favor, executed by himself, addressed to a country storekeeper, and calling for the delivery of certain merchandise to the prosecutrix on his account. In connection therewith the accused, had testified with the view of showing that the order had been drawn by himself and delivered to the prosecutrix, and that he had subsequently obtained possession of the same from the storekeeper on whom it had been drawn.
Now, on the second trial, resulting in this appeal, while the District Attorney was introducing his testimony in chief, and of course before the accused had offered the order or any other evidence, and above all, before he had offered to testify, the State was allowed,, over the objection of his counsel, to prove, by a witness who was-present at the first trial, the statements which the accused had made in connection with the order in question.
It also appears that the accused did not testify at all on the second trial, and it does not appear that he ever offered the order in evidence during that trial.
The District Judge rests his ruling on the ground that the testimony was relevant and competent, in connection with other testimony and circumstances, to show that the order had no real or genuine existence, but that it had been manufactured by the. prisoner in view, and for the purposes, of his trial.
We can not agree with the trial judge.
Had the order been offered with the avowed purpose of seeking-any advantage therefrom, and had the accused testified on the point, as he had done on the first trial, it would, beyond a doubt, have been competent for the State to have attempted to rebut the effect of both the order and of the testimony of the prisoner.
If the latter had testified on the second trial it would have been competent to contradict him or weaken his testimony by proving his. statements made either on the previous trial or at any other time- or place on the same subject matter.
Conceding now that on his previous trial the accused had had recourse to unfair means or to false witnesses to meet the evidence offered against him, we fail to discover any law or authority which would justify the introduction of testimony to that effect, to prove his guilt of the only crime with which he was charged. And while. *188 we recognize the right of the State to introduce in evidence any •statement previously made by the accused tending to show his guilt under the indictment against him, we can not recognize the relevancy of testimony covering statements which he had previously made in his own favor, for the purpose of showing bjr other testimony that his statements were untrue and false.
As the accused had not yet testified, and as in such matters his testimony when given must “be weighed and considered according to the general rules of evidence” (Act 29, 1886), the State could not be allowed to impeach his testimony before he had been heard. State vs. Chevalier, 86 An. 81.
We therefore conclude that there is error in the ruling complained •of and that the accused must have been injured thereby.
We find no error in the ruling complained of in the other bill of exception contained in the record; but we deem it unnecessary to elaborate our views on the subject.
It is therefore ordered that the sentence appealed from be annulled and reversed, that the verdict of the jury be quashed and set aside, and that this case be remanded to the District Court for further proceedings according to law and according to. the views herein ..expressed.